IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 98-50396

---

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

          versus

ROBERT EARL JOHNSON,

                              Defendant-Appellant.

---

Appeal from the United States District Court
for the Western District of Texas

---

On Remand from the Supreme Court of the United States

---

April 2, 2001

Before GARWOOD, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:

     This case is before us again on remand from the United States
Supreme Court.

     Defendant-appellant Robert Earl Johnson (Johnson) was
convicted, on his plea of guilty, of the December 1996 arson of the
one story church building of the Hopewell United Methodist Church
in violation of 18 U.S.C. § 844(i).  Johnson appealed his
conviction to this court contending that the factual basis for his

plea as put forth by the government in the district court, Fed. R. Crim. P. 11(f), did not support a finding that the church building was a "building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce" as required by section 844(i), and hence his burning of the building did not violate that statute.[1] We essentially agreed, holding that "[b]ecause the factual basis presented to the district court fails to establish the interstate commerce element of 18 U.S.C. § 844(i) we . . . vacate Johnson's guilty plea and remand for further proceedings consistent with this opinion." *U.S. v. Johnson*, 194 F.3d 652, 662-63 (5th Cir. 1999).[2]

---

[1]Johnson, who lived next door to the church, admitted he had set the church fire in an effort to cover up past burglaries of the church.

[2]We addressed the question in terms of whether the factual basis for the plea as reflected in the record sufficed to bring the case within the third of the three categories of activity which *U.S. v. Lopez*, 115 S.Ct. 1624 (1995), held Congress could regulate under its commerce power, namely "those activities that substantially affect interstate commerce." *Lopez* at 1629-30. We plainly concluded that neither the first nor second of the *Lopez* categories ("use of the channels of interstate commerce" and "to regulate and protect the instrumentalities of, or persons or things in interstate commerce", *id*.) applied. *See Johnson*, 194 F.3d at 660, 663 & n.1. The government did not contend that the building "was used in interstate or foreign commerce" but rather that it was "used in an activity affecting interstate commerce"; nor did the government argue that any but the third *Lopez* category was involved. It contended that category was satisfied because "[a]rsons of similar properties, when aggregated, would have a substantial effect on commerce." Judge Benavides held that aggregation would be proper for such purpose if, but *only* if, the effect on interstate commerce in the particular case was more than speculative or attenuated, and that this threshold showing had not been met by the factual basis for the plea here. *Johnson* at 661-

Our decision was handed down November 1, 1999. Neither party filed a motion for rehearing. On November 15, 1999, the Supreme Court granted certiorari in *Jones v. U.S.*, 120 U.S. 494 (1999), to review the decision of the Seventh Circuit in *U.S. v. Jones*, 178 F.3d 479 (1999), limited to the question "[w]hether, in light of *U.S. v. Lopez*, 514 U.S. 549 (1995), and the interpretive rule that constitutionally doubtful constructions should be avoided, . . . section 844(i) applies to the arson of a private residence; and if so, whether the application to the private residence in the present case is constitutional." On January 28, 2000, the government filed its petition for certiorari in the present case. The petition did not expressly challenge or question the correctness of the holding of this court or the reasoning of the opinion of Judge Benavides or of the opinion of Judge Garwood.[3] Nor did it expressly seek reversal or modification of the decision of this court. In its "Argument" section, the petition merely noted the grant of certiorari in *Jones*, and went on to observe:

"This Court's decision in *Jones* will likely affect the

62. Judge Garwood, joined by Judge Barksdale, held that for purposes of *meeting* the "substantially affect" requirement of the third *Lopez* category in a § 844(i) prosecution aggregation was always inappropriate because "[s]ection 844(i) is not a regulation of any interstate market or economic activity and the individual instances of arson which it addresses are wholly unrelated to each other or to any particular regulatory scheme or purpose other than the prevention of arson." *Johnson* at 665-66.

[3]Nor did the petition in any way indicate agreement with the holding of this court or the reasoning of either opinion.

3

proper disposition of the instant case. The question whether coverage of real property by an out-of-state insurer is sufficient to satisfy the interstate commerce element of Section 844(i) is directly presented in both cases. More generally, the decision in *Jones* can be expected to clarify the manner in which Section 844(i)'s commerce element can appropriately be established in individual prosecutions. The petition for a writ of certiorari should therefore be held pending this Court's decision in *Jones* and then disposed of as appropriate." (footnote omitted).

Johnson filed his response to the government's petition for certiorari on April 12, 2000.[4] The response neither defends nor criticizes this court's holding (or Judge Benavides's opinion or Judge Garwood's opinion) and seeks neither affirmance or reversal or modification thereof. The response notes that *Jones* involves a home while this case involves a church and concludes by stating "[T]he Petition for Certiorari in this case should be granted so that this Court may resolve the differing applications of § 844(i)."

On May 22, 2000, the Supreme Court handed down its opinion in *Jones v. U.S.*, 120 S.Ct. 1904 (2000).

On May 30, 2000, the Supreme Court granted the government's petition for certiorari in the instant case, vacated the judgment of this court and remanded the case to this court "for further consideration in light of *Jones v. U.S.*, 529 U.S. ___, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000)." *U.S. v. Johnson*, 120 S.Ct. 2193 (2000).

---

[4]Johnson did not file a petition for certiorari.

4

In *Jones* the Supreme Court held that "an owner-occupied residence not used for any commercial purpose does not qualify as property 'used in' commerce or commerce-affecting activity; arson of such a dwelling, therefore, is not subject to federal prosecution under § 844(i)." *Jones*, 120 S.Ct. at 1908. The Court further held that the Indiana dwelling involved there was not within section 844(i) notwithstanding that it was used by the owner as collateral for a mortgage from an Oklahoma lender and by the lender as security for that loan, was insured by a Wisconsin insurer's policy protecting both the owner and the lender, and used natural gas from outside Indiana. *Id*. at 1910. The Court held section 844(i) required more, namely "active employment for commercial purposes." *Id*. It observed that the owner "did not use the residence in any trade or business." *Id.* at 1911. The Court, having held that the residence in question was not within the terms of section 844(i), did not reach the question of whether that statute would be constitutional as so applied. Nevertheless, the Court observed that its construction of section 844(i) as excluding such a residence was "reinforced by the Court's opinion in *U.S. v. Lopez*," *Jones* at 1908, and was "in harmony with the guiding principle that 'where a statute is susceptible of two constructions, by one of which grave and doubtful constitutional questions arise and by the other of which such questions are avoided, our duty is to adopt the latter.'" *Id*. at 1911 (citation

5

omitted).  The Court likewise invoked the rule of "'lenity'" in the construction of criminal statutes and also the rule that "'unless Congress conveys its purpose clearly, it will not be deemed to have significantly changed the federal-state balance' in the prosecution of crime" (citation omitted), noting in the latter connection that "arson is a paradigmatic common-law state crime."  *Id*. at 1912.

We have reconsidered in light of *Jones*.  We conclude that nothing in the Court's *Jones* opinion, or in its holding there, is inconsistent with or suggests error in our prior action in vacating Johnson's plea and remanding the case for further proceedings or in either Judge Benavides's opinion or the opinion of Judge Garwood to the effect that the factual basis for Johnson's plea as shown by the record did not suffice to reflect the substantial effect on interstate commerce required to bring the case within the third *Lopez* category of commerce clause power (see note 2, *supra*).  The scope of further proceedings pursuant to our remand should, however, be clarified in light of *Jones*.  Our November 1, 1999, opinions herein do not address whether the factual basis of the plea as shown by the record suffices to reflect that at the relevant time the church building was being actively employed for commercial purposes so as to be within the terms of section 844(i) as construed by *Jones*.  We now hold that the factual basis for the plea as shown by the record likewise does not suffice for that purpose.  *See U.S. v. Rea*, 223 F.3d 741 (8th Cir. 2000).

We accordingly vacate Johnson's guilty plea and remand for further proceedings consistent with our November 1, 1999, opinions,[5] with this opinion and with the Supreme Court's opinion in *Jones*.

VACATED and REMANDED for further proceedings

---

[5]To the extent that the November 1, 1999, respective opinions herein of Judge Benavides and Judge Garwood conflict, Judge Garwood's opinion, in which a majority of the panel joined, will control on remand.