IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21099
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY DEAN TURK,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-309-ALL
--------------------
August 20, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Larry Dean Turk appeals his guilty-plea conviction under

18 U.S.C. § 922(g)(1) for possession of a firearm by a convicted

felon.  He argues that the factual basis for his guilty plea,

which showed his intrastate possession of a firearm manufactured

outside the state, was insufficient to establish the nexus with

interstate commerce required by 18 U.S.C. § 922(g)(1).  He

contends, in light of the Supreme Court's recent decisions in

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Jones v. United States, 529 U.S. 848 (2000) and United States v. Morrison, 529 U.S. 598 (2000), that 18 U.S.C. § 922(g)(1) can no longer "constitutionally be construed to cover the intrastate possession of a handgun merely because it traveled across state lines at some point in the past." He acknowledges that his claim is foreclosed by existing Fifth Circuit precedent and states that he raises the claim solely to preserve it for possible Supreme Court review.

We reject the Government's argument that Turk has waived his ability to challenge the sufficiency of the factual basis of his guilty plea by pleading guilty unconditionally. This court's precedents make it clear that, nothwithstanding an unconditional plea of guilty, this court has the power to review, and will reverse on direct appeal, if the factual basis for the plea fails to establish an element of the offense of conviction. United States v. White, 258 F.3d 374, 380, 384 (5th Cir. 2001)(factual basis did not establish the existence of the predicate offense required for conviction under 18 U.S.C. § 922(g)(9)); United States v. Johnson, 194 F.3d 657, 659, 662 (5th Cir. 1999), vacated and remanded, 530 U.S. 1201 (2000), opinion reinstated with modification, 246 F.3d 749 (5th Cir. 2001)(factual basis did not establish that arson of church established the interstate commerce nexus required under 18 U.S.C. § 844(i)). Because Turk raised this issue at his rearraignment in the district court with the specific intention of preserving it for review, the harmless-

error standard of review in FED. R. CRIM. P. 11(h) applies to his challenge to the sufficiency of the factual basis.

Turk's claim is foreclosed by circuit precedent.  See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), cert. denied, 122 S. Ct. 1113 (2002).  Accordingly, the district court's judgment is AFFIRMED.