United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 30, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-30899
Summary Calendar

———————————

UNITED STATES OF AMERICA

Plaintiff - Appellee

v

GARY K RIDDLE

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CR-20028-ALL
--------------------

Before KING, Chief Judge, and BARKSDALE and STEWART, Circuit
Judges.

PER CURIAM:[*]

Gary K. Riddle (Riddle) pleaded guilty to production of

child pornography in violation of 18 U.S.C. § 2251(a) and

possession of child pornography in violation of 18 U.S.C.

§ 2252A(a)(5)(B). He appeals, arguing that these statutes are

unconstitutional as applied to his conduct because they exceed

Congress's power to regulate interstate commerce under the

Commerce Clause. In addition, Riddle states that his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

constitutional challenge is foreclosed by our ruling in <u>United States v. Kallestad</u>, 236 F.3d 225, 231 (5th Cir. 2000), and only raises the issue to preserve it for future review.

A valid unconditional guilty plea waives all non-jurisdictional defects in the trial court proceedings against a defendant, including an as-applied constitutional challenge to a statute.  <u>United States v. Johnson</u>, 194 F.3d 657, 659 (5th Cir. 1999), <u>vacated on other grounds and remanded</u>, 530 U.S. 1201 (2000), <u>opinion reinstated with modification</u>, 246 F.3d 749 (5th Cir. 2001).  Riddle's challenge to the interstate commerce aspect of the statutes at issue does not raise a jurisdictional issue.  <u>See</u> <u>id.</u> (finding that interstate commerce requirement of arson statute, 18 U.S.C. § 844(i), was "not a prerequisite to subject matter jurisdiction."); <u>United States v. Robinson</u>, 119 F.3d 1205, 1212 n.4 (5th Cir. 1997) (finding that interstate commerce element of Hobbs Act, 18 U.S.C. § 1951, was not jurisdictional).  Accordingly, by entering into an unconditional guilty plea agreement, Riddle has waived his as-applied constitutional challenge to 18 U.S.C. §§ 2251(a) and 2252A(a)(5)(B).  <u>See</u> <u>Johnson</u>, 194 F.3d at 659.

Accordingly, the judgment of the district court is hereby AFFIRMED.