**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 04-4202

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID PATRICK WORRELL,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Malcolm J. Howard, District Judge. (CR-03-49)

_____

Submitted:  August 1, 2005        Decided:  August 17, 2005

_____

Before WILLIAMS, TRAXLER, and GREGORY, Circuit Judges.

_____

Affirmed in part; dismissed in part by unpublished per curiam opinion.

_____

Rudolph A. Ashton, III, MCCOTTER, ASHTON & SMITH, P.A., New Bern, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

David Patrick Worrell pled guilty to possession with intent to distribute cocaine and possession with intent to distribute heroin, both in violation of 21 U.S.C. § 841(a)(1) (2000). He was sentenced to 151 months' imprisonment. On appeal, he argues that: (1) the district court erred in denying his motion to suppress without a hearing; (2) the district court erred in denying his motion for a downward departure on the ground that his criminal history category and career offender status over-represented the seriousness of his past criminal conduct; (3) the district court erred in denying his motion for a downward departure based on a "fast-track" plea agreement; and (4) the district court's determination that Worrell was a career offender violated his Sixth Amendment right to a jury under Blakely v. Washington, 542 U.S. 296 (2004). For the reasons that follow, we affirm in part and dismiss in part.

Worrell first argues on appeal that the district court should have held a hearing on his pro se motion to suppress and that the court erred in denying the motion. Rule 11(a)(2) of the Federal Rules of Criminal Procedure requires the consent of the court and the government in order for a defendant to enter a conditional plea of guilty and reserve his right to appeal an adverse determination of a pre-trial motion. If the requirements of Rule 11(a)(2) are not met, the defendant is foreclosed from

appealing non-jurisdictional defects, including the denial of a motion to suppress. Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Because Worrell has not met the requirements of Rule 11(a)(2), we find that Worrell is foreclosed from appealing the denial of his motion to suppress.

Worrell next argues that the district court erred in denying his motion for a downward departure, pursuant to U.S. Sentencing Guidelines Manual § 4A1.3 (2003), on the basis that his career offender status and criminal history category over-represented the seriousness of his criminal history. The district court's decision not to depart below the guideline range is not reviewable on appeal unless it is based on a mistaken belief that the court lacks authority to depart. United States v. Carr, 271 F.3d 172, 176-77 (4th Cir. 2001). Because it is clear in this case that the district court understood its authority to depart and simply chose not to, we dismiss this claim.

Worrell also maintains that the district court erred in its decision not to consider a "fast track" plea agreement which could have resulted in a two-level reduction in his sentence. Here, the district court denied the motion for a downward departure on the basis of a "fast-track" plea, finding that it lacked the authority to depart. If a district court concludes that it lacks authority to grant a downward departure as a matter of law, that

ruling is reviewed de novo. United States v. Hall, 977 F.2d 861, 863 (4th Cir. 1992). We conclude that the district court properly determined that it lacked the authority to depart and therefore dismiss this portion of the appeal.

Last, citing Blakely v. Washington, 542 U.S. 296 (2004), Worrell maintains that the district court violated his Sixth Amendment rights by imposing a sentence enhanced by his designation as a career offender on facts not alleged in the indictment, admitted by him, or found by a jury beyond a reasonable doubt. Specifically, Worrell claims that the district court's determination that his prior convictions for possession with intent to distribute CDS and possession with intent to distribute cocaine qualified as "controlled substance offenses" under USSG § 4B1.2 constituted impermissible judicial fact-finding because it required the court to find he had a "specific type of prior conviction."

Because Worrell did not raise his Sixth Amendment claim below, we review the district court's sentence for plain error. United States v. Olano, 507 U.S. 725, 731-32 (1993); United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). Under the plain error standard, Worrell must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Olano, 507 U.S. at 732-34. Even when these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness,

integrity or public reputation of judicial proceedings."   Id. at 736 (internal quotation marks omitted).

We find that Worrell's career offender designation does not violate the Sixth Amendment.  See Shepard v. United States, 125 S. Ct. 1254, 1262-63 (2005) (holding that Sixth Amendment protections apply only to disputed facts about a prior conviction); see also United States v. Harp, 406 F.3d 242, 247 (4th Cir. 2005) (declining to notice any error in a career offender sentence on review for plain error because defendant "had no legitimate defense to career offender designation").

In light of the above, we affirm Worrell's conviction and sentence and dismiss the appeal as to the court's denial of his motions for a downward departure.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; DISMISSED IN PART