PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                              No. 00-4345

LENT CHRISTOPHER CARR, II,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Malcolm J. Howard, District Judge.
(CR-99-30)

Argued: September 27, 2001

Decided: November 5, 2001

Before MOTZ, KING, and GREGORY, Circuit Judges.

Dismissed in part and vacated and remanded in part by published opinion. Judge King wrote the opinion, in which Judge Motz and Judge Gregory joined.

## COUNSEL

**ARGUED:** Terry F. Rose, Smithfield, North Carolina, for Appellant. Banumathi Rangarajan, Assistant United States Attorney, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

**OPINION**

KING, Circuit Judge:

Appellant Lent Christopher Carr, II, was convicted and sentenced on his pleas of guilty to maliciously damaging and destroying a building used in interstate commerce by means of fire, in violation of 18 U.S.C. § 844(i) (Count One), conspiracy to commit mail fraud, in violation of 18 U.S.C. § 371 (Count Five), and bank fraud, prohibited by 18 U.S.C. § 1344 (Count Six). There are two aspects to his appeal. Carr first challenges his 125-month sentence, consisting of 125 months each on Counts One and Six and 60 months on Count Five, all to run concurrently. He alleges that the district court failed to recognize its authority to depart based on his physical condition, *U.S. Sentencing Guidelines Manual* § 5H1.4 (1998), and abused its discretion in declining to depart. Second, Carr challenges his § 844(i) conviction in light of the Supreme Court's decision in *Jones v. United States*, 529 U.S. 848 (2000). As explained below, we dismiss the appeal of the court's decision not to depart, but we vacate Carr's conviction on Count One and remand for further Rule 11 proceedings on the *Jones* issue.

I.

A.

In 1998, Carr applied for a fire insurance policy for a mobile home in Greenville, North Carolina, which served as a residence and as a place of worship known as the World Harvest Oasis Temple of Praise Church. Five days after the insurance policy became effective, Carr reported that the mobile home had been totally destroyed by fire. Investigators discovered the origin of the fire to be a cabinet near the stove, and concluded that the fire had been started by the application and ignition of gasoline.

Carr and his wife Davina thereafter made insurance claims for several items of value, including items that had been repossessed from them, were never purchased by them, and were obtained from merchants under false pretenses, as well as items that were grossly over-

valued. Carr also met with witnesses in order to "get their stories straight." J.A. 158. Those who supported Carr's version of events were to get a share of the insurance proceeds. Davina Carr later admitted that she had lied to an investigating grand jury under pressure from her husband.

## B.

Carr was indicted in the Eastern District of North Carolina in June 1999, and again by superseding indictment in October 1999, for, inter alia, setting fire to real property used in interstate commerce, in violation of 18 U.S.C. § 844(i). Pursuant to a plea agreement, he entered a plea of guilty to this charge as well as to the charges of bank fraud and mail fraud, and the remaining counts of the superseding indictment were dismissed.

At Carr's sentencing hearing on April 17, 2000, defense counsel sought a downward departure based on extraordinary physical impairment, i.e., Carr's AIDS diagnosis, noting that his probable life expectancy was only four or five years. The court requested Fourth Circuit authority to support an adjustment for AIDS, but his counsel presented none. In response, the Government contended that the prison system could handle Carr's illness. The court then denied the downward departure and sentenced Carr to a total of 125 months' imprisonment.

## II.

A district court's decision not to depart from the Sentencing Guidelines is not reviewable unless the court mistakenly believed that it lacked authority to depart. *See United States v. Hall*, 977 F.2d 861, 863 (4th Cir. 1992). According to Sentencing Guideline § 5H1.4,

> physical condition or appearance . . . is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. However, an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range; *e.g.*, in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment.

USSG § 5H1.4. In this case, the court had to decide whether Carr's diagnosis was an extraordinary impairment warranting departure under § 5H1.4. The example given by the Guideline, i.e., the efficiency of home detention versus prison, shows that assessing whether the Bureau of Prisons could adequately care for an individual with this condition is relevant under the Guideline.

The court carefully ascertained that there was no authority in this circuit *requiring* departure, and observed that it was "not inclined to grant the Defendant's motion."[1] It is clear that the court understood its ability to depart, but did not find the presence of an extraordinary factor warranting departure. Because the court was under no misperception as to its authority, its refusal to depart is not subject to appellate review. *United States v. Edwards*, 188 F.3d 230, 238 (4th Cir. 1999), *cert. denied*, 528 U.S. 1130 (2000). We therefore may not disturb its ruling on this matter, and we must dismiss this portion of the appeal.

### III.

Carr's challenge to his § 844(i) conviction presents us with three issues, one more difficult than the others. Section 844(i) of Title 18 requires that the building damaged or destroyed by fire or explosive was used in interstate commerce or in an activity affecting interstate commerce.[2] Our analysis of the interstate commerce element is

---

[1]In considering Carr's motion for a downward departure, the court stated as follows:

> The Court has carefully considered this matter pursuant to United States Sentencing Guideline 5H1.4 and 18 U.S. Code 3553B, both of which have been reviewed at this bench sitting by the Court. The Court is of the belief that these matters can be properly considered and properly treated by the United States Bureau of Prisons and that they existed at the time of the commission of this crime and perhaps other criminal involvement of this Defendant, and *the Court is not inclined to grant the Defendant's motion and there being no affirmative law requiring the Court to go further then denies the motion of the Defendant.*

J.A. at 116-17 (emphasis added).

[2]The statute underlying Carr's conviction for Count One, 18 U.S.C. § 844(i), provides, in relevant part, as follows:

informed by the Supreme Court's recent decision in *Jones v. United States*, 529 U.S. 848, 850-51 (2000), in which the Court held that "an owner-occupied residence not used for any commercial purpose does not qualify as property 'used in' commerce or commerce-affecting activity; arson of such a dwelling, therefore, is not subject to federal prosecution under § 844(i)." The building must be actively employed "for commercial purposes and not merely a passive, passing or past connection to commerce." *Id.* at 855. The Court determined that such slight connections with interstate commerce as receiving natural gas, a mortgage, or an insurance policy from outside the state are insufficient to bring a residence within the scope of § 844(i). *Id.* at 856; *see also United States v. Rea*, 223 F.3d 741, 744 (8th Cir. 2000) (vacating conviction for arson of church annex in light of *Jones* and remanding for fact-finding and determination of whether building was used in commerce as required by § 844(i)).[3]

Carr asserts that *Jones* error exists here, and makes the following contentions based on the *Jones* decision: (1) that Count One of the superseding indictment is fatally flawed and fails to properly charge a § 844(i) offense; (2) that the court lacks subject matter jurisdiction due to failure to prove the "jurisdictional" interstate commerce element; and (3) that there was an insufficient factual basis for the court to accept his guilty plea. We will address each of these contentions in turn.

---

Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be imprisoned . . . fined . . . or both.

[3]In its handling of this case, the district court did not have the benefit of the Supreme Court's decision in *United States v. Jones*, which was rendered on May 22, 2000, well after Carr's Rule 11 colloquy of January 10, 2000, and his sentencing hearing of April 17, 2000. It is appropriate to consider *Jones* here, however, because it applies to cases that are not yet final, including those on direct appeal. *Griffith v. Kentucky*, 479 U.S. 314 (1987); *United States v. Ismail*, 97 F.3d 50 (4th Cir. 1996).

A.

The Government maintains, and we agree, that Count One of the superseding indictment sufficiently alleges a violation of § 844(i), because it specifically asserts that the building Carr burned was used in interstate commerce.[4] In order to sustain a challenge to Count One, Carr is obliged to demonstrate that the indictment does not, by any reasonable construction, charge the offense for which he was convicted. *Hayle v. United States*, 815 F.2d 879, 881-82 (2d Cir. 1987). Carr entered a guilty plea to Count One, and the interstate commerce element of § 844(i) was clearly and properly alleged therein; thus this challenge to Count One must fail.

B.

Carr next contends that because the interstate commerce element is "jurisdictional," the federal courts lack subject matter jurisdiction over his case if the interstate commerce element was not proven. This part of the *Jones* claim also must fail, however, because the "jurisdictional element" is merely one element of the criminal activity proscribed by § 844(i), and whether it is demonstrated in an individual circumstance does not affect "a court's constitutional or statutory power to adjudicate a case." *United States v. Beck*, 250 F.3d 1163, 1165 (8th Cir. 2001) (quoting *United States v. Martin*, 147 F.3d 529, 531-32 (7th Cir. 1998), and citing *United States v. Rea*, 169 F.3d 1111, 1113 (8th Cir. 1999), vacated and remanded on other grounds, 223 F.3d 741 (8th Cir. 2000)). The interstate commerce element of § 844(i) implicates the power of Congress to regulate the conduct at issue, not the jurisdiction of the court to hear a particular case. *See, e.g.*, *United*

---

[4]Count One of Carr's superseding indictment alleges as follows:

> On or about June 9, 1998, in the Eastern District of North Carolina, LENT CHRISTOPHER CARR II, defendant herein, did maliciously damage and destroy, by means of fire, a building located at 2115 Stokes Road, Greenville, North Carolina, which building was used in interstate commerce and in activity affecting interstate commerce in violation of Title 18, United States Code, Section 844(i).

J.A. 24.

*States v. Riddle*, 249 F.3d 529, 536 (6th Cir. 2001). After a judgment of conviction is validly entered on a guilty plea, a defendant cannot challenge the interstate commerce prong of § 844(i) as "jurisdictional," because such a challenge merely contests the sufficiency of the evidence supporting that element of the offense. *See id.* ("[A] claim of an insufficient connection to interstate commerce is a challenge to one of the elements of the government's case and is therefore considered a claim about the sufficiency of the evidence."). The question therefore becomes whether the judgment of conviction on Count One was validly entered.[5]

## C.

This brings us to Carr's third *Jones* claim, and the nub of this case. In that regard, we must determine whether the Rule 11 proceedings established a sufficient factual basis for Carr's guilty plea.[6] On direct appeal, "it is well settled that a defendant may raise . . . the failure of a district court to develop on the record a factual basis for a plea

---

[5]Some courts have determined that a validly entered unconditional guilty plea to an § 844(i) indictment waives the right to appeal the court's determination that the interstate commerce element was satisfied. *See Beck*, 250 F.3d at 1166; *United States v. Grassie*, 237 F.3d 1199, 1208 (10th Cir. 2001) (upholding conviction by jury where interstate commerce element was stipulated and other evidence of use in commerce was presented at trial); *United States v. Martin*, 147 F.3d 529, 531-32 (7th Cir. 1998) (deciding, pre-*Jones*, that guilty plea waived any challenge to interstate commerce element); *United States v. Viscome*, 144 F.3d 1365, 1370 (11th Cir. 1998) (finding, prior to *Jones*, that guilty plea waived nonjurisdictional defects including sufficiency of evidence supporting interstate commerce element).

[6]Rule 11(f) of the Federal Rules of Criminal Procedure provides that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such a plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." The court need not satisfy itself that a jury would find the defendant guilty, or even that defendant is guilty by a preponderance of the evidence. *United States v. Maher*, 108 F.3d 1513, 1524 (4th Cir. 1997). The district court must "assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *Id.*

as required by Rule 11(f)." *United States v. Mitchell*, 104 F.3d 649, 652 n.2 (4th Cir. 1997). We may reverse the district court's determination that there is a sufficient factual basis for a guilty plea only if we find an abuse of discretion. *Id.* at 652. It is also settled that the judge may establish the factual basis for a guilty plea through questioning in open court, documents, or other evidence in the record. *United States v. DeFusco*, 949 F.2d 114, 117 (4th Cir. 1991). The court must satisfy itself that all the elements of the charged offense were committed. *Mitchell*, 104 F.3d at 652.

In *Mitchell*, our Court recently upheld a conviction on a guilty plea where the defendant contended there was no evidence that he had "actively employed" a firearm. He asserted on appeal that his conviction should be vacated in light of a Supreme Court decision construing the statutory term "use" as requiring proof of active employment. *Id.* (referring to *Bailey v. United States*, 516 U.S. 137, 144 (1995)). After considering the evidence at the Rule 11 hearing, we concluded that, although there was no sufficient basis to determine that Mitchell had "used" the firearm, there was ample evidence that he had "carried" it (an alternative ground for conviction), and that his plea was therefore valid. *Mitchell*, 104 F.3d at 652.

In this case, however, we perceive an insufficient factual basis in this record to support Carr's guilty plea to Count One. At the Rule 11 hearing, conducted pre-*Jones* on January 10, 2000, the court asked, "Did you as charged in Count 1 set fire to a building in order to damage it and the building was property used by another in or effecting [sic] interstate commerce and you did this intentionally? Did you do that?" J.A. 96-97. While Carr answered "[y]es, sir," J.A. 97, we are unable to adequately discern what this answer meant. It could mean "Yes, I set fire to a building," or "Yes, the property was used by another in or affecting interstate commerce," or "Yes, I did it intentionally," or some combination of these possible constructions. If Carr answered the last question posed, "Did you do that?", his affirmative response pertains to Carr's own actions and not to Carr's knowledge of any use of the property in interstate commerce.

Carr's "[y]es, sir" answer is the only evidence in the Rule 11 record supporting the interstate commerce element of his guilty plea to Count One. The Government's presentation of supporting evidence at

the plea proceeding related only that Carr intentionally set fire to a building and that the building was used as a church and residence. Significantly, we have recently determined that use of a building as a church does not alone qualify it as being "used in" interstate commerce. *United States v. Terry*, 257 F.3d 366, 369 (4th Cir. 2001); *accord United States v. Odom*, 252 F.3d 1289, 1296-97 (11th Cir. 2001) (finding donations from out of state, purchase of Bibles and prayer books out of state, and indirect contributions to out-of-state church organization "too passive, too minimal and too indirect to substantially affect interstate commerce"); *United States v. Johnson*, 246 F.3d 749, 750 n.1 (5th Cir. 2001) (refusing to allow "aggregation theory" to support connection to interstate commerce in church arson prosecution). At the time of Carr's plea and sentencing, neither the district court nor the parties enjoyed the illumination on the applicable legal principles provided by the *Jones* and *Terry* decisions. As a result, the court was unable to correctly apply these legal principles, which in itself creates an abuse of discretion. *Koon v. United States*, 518 U.S. 81, 100 (1996). As Chief Judge Wilkinson observed in *Terry*, "not all buildings, and not all churches, come within the ambit of § 844(i)." 257 F.3d at 371. A § 844(i) plea proceeding must therefore adequately demonstrate that the building was in fact actively employed in interstate commerce.[7] This record fails to do so, and we conclude that there was an insufficient factual basis for the judgment of conviction on Count One.

## IV.

Because Carr's Rule 11(f) plea proceeding on Count One was deficient in this single context, we must also determine what relief, if any, Carr is to receive. Several alternatives are possible, such as either

---

[7]The Government represents in its appellate brief that it possesses evidence sufficient to establish that the mobile home Carr burned was in fact used in interstate commerce. It asserts, for example, that he rented a room to a non-family member, that day care services were offered for a fee in the building, that he conducted religious and social activities there, and that offerings from church members were collected there and used to pay church expenses and his salary. While that evidence may be appropriate for consideration by the district court on remand, none of it is present in the Rule 11 record.

vacating the acceptance of his guilty plea to Count One or vacating his judgment of conviction on that count. While we have not previously had occasion to directly address this specific question, a thorough analysis of the issue was performed by the Sixth Circuit in *United States v. Tunning*, 69 F.3d 107 (6th Cir. 1995). Under the "two-remedy rule" adopted by that court, when

> the error [of the plea hearing] involves a problem with the district court's state of mind, for example . . . the record does not include sufficient information from which the district court could find a factual basis for the guilty plea, the appropriate remedy is to remand to the district court for further proceedings to create the appropriate record.

*Id.* at 115. On the other hand, if "the error involves the defendant's state of mind, such as when the . . . court failed to determine that the defendant was competent . . . the appropriate remedy is to vacate the plea and remand so that the defendant can plead anew." *Id.* Since *Tunning* involved the district court's state of mind, that court vacated Tunning's conviction and remanded for further proceedings. This two-tiered approach, distinguishing between the court's state of mind and the defendant's state of mind, was first enunciated by the Third Circuit in *United States v. Allen*, 804 F.2d 244 (3d Cir. 1986) (remanding for further hearings on factual basis for plea when district court may have accepted plea based on erroneous assumption).

We, like the Sixth Circuit, see the two-remedy rule developed in *Allen* as "an appropriate analytical tool" in determining the proper remedy for a Rule 11 violation. *United States v. Goldberg*, 862 F.2d 101, 108 n.4 (6th Cir. 1988). A Rule 11 record that fails to reflect that the defendant voluntarily and knowingly entered a guilty plea requires a different cure than a record that *does* demonstrate the requisite knowledge by the defendant, but fails to sufficiently reflect the district court's basis for accepting the plea. When the record is deficient as to the defendant's state of mind — and this deficiency affects the defendant's substantial rights — the defendant may be entitled to plead anew.[8] Where, as in this case, the sole defect in the Rule 11

---

[8]Rule 11(h) of the Federal Rules of Criminal Procedure provides that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded."

record is the lack of a sufficient factual basis for the judgment of conviction, however, the proper remedy is to vacate the conviction and remand. *Tunning*, 69 F.3d at 115; *accord United States v. Keiswetter*, 860 F.2d 992, 997-98 (10th Cir. 1988) (remanding in part for written findings on factual basis to be certified to appeals court as supplement to record on appeal); *see also United States v. Hourihan*, 936 F.2d 508 (11th Cir. 1991) (allowing defendant to enter new plea when defendant was not correctly advised of minimum mandatory sentence); *United States v. Parra-Ibanez*, 936 F.2d 588, 598 (1st Cir. 1991) (declining to vacate plea and remanding for evidentiary hearing when it could not be determined whether error was harmless on existing record); *Montgomery v. United States*, 853 F.2d 83 (2d Cir. 1988) (reversing and remanding when defendant did not admit acts constituting illegal conspiracy).

This situation involves the lack of a sufficient factual basis for Carr's guilty plea, a scenario involving, as in *Tunning*, "the district court's state of mind." 69 F.3d at 115. As we have noted, the court in that case vacated Tunning's conviction and remanded for further Rule 11 proceedings. We are content to adopt and apply the two-remedy rule explained in *Tunning*, and in so doing we must vacate Carr's conviction as to Count One and remand for further Rule 11 proceedings on that count. We will not, however, vacate Carr's guilty plea to that count or disturb the plea agreement between Carr and the Government. If, in further Rule 11 proceedings, the Government can establish a sufficient factual basis for the interstate commerce prong of § 844(i), the district court may reinstate Carr's judgment of conviction on Count One. *See United States v. Johnson*, 246 F.3d 749, 752 (5th Cir. 2001) (vacating guilty plea and remanding for further proceedings on, inter alia, whether factual basis of guilty plea was sufficient on interstate commerce element); *United States v. Rea*, 223 F.3d 741, 744 (8th Cir. 2000) (reversing conviction and remanding for determination of whether church annex had sufficient connection to commerce), conviction reinstated at 2001 WL 407238 (D. Minn.).

## V.

Pursuant to the foregoing, we dismiss Carr's appeal of the Guidelines departure issue. We vacate his judgment of conviction on Count

One, and we remand for further Rule 11 proceedings thereon and for such other and further proceedings as may be appropriate.

*DISMISSED IN PART AND VACATED*
*AND REMANDED IN PART*