**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 04-4101**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KATHY SUE CONRAD,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Robert E. Maxwell, Senior District Judge.  (CR-01-14)

───────────

Submitted:  June 18, 2004          Decided:  July 8, 2004

───────────

Before WIDENER, NIEMEYER, and KING, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

David W. Frame, Clarksburg, West Virginia, for Appellant.  Thomas E. Johnston, United States Attorney, Sherry L. Muncy, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kathy Sue Conrad appeals her conviction and sentence after pleading guilty to use of a communications facility in the commission of a drug offense in violation of 21 U.S.C. § 843(b) (2000). Conrad's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his opinion, there are no meritorious issues for appeal. Although concluding the following claims lack merit, counsel asserts the district court erred in determining drug quantity and in denying a motion for a downward departure. Counsel further asserts that the district court should have intervened in the Government's decision to offer immunity to a witness who was allegedly distributing OxyContin to minors. Conrad was informed of her right to file a pro se supplemental brief, but has not done so. We affirm Conrad's conviction and sentence.

The drug weight determination is factual in nature and is therefore reviewed for clear error. United States v. Fletcher, 74 F.3d 49, 55 (4th Cir. 1996). In conducting this review, this Court gives due regard to the district court's opportunity to judge the credibility of witnesses. 18 U.S.C. § 3742(e) (2000). Credibility determinations therefore receive deference unless they are without support in the record. United States v. Brown, 944 F.2d 1377, 1379-80 (7th Cir. 1991). Credibility determinations by the factfinder are rarely disturbed on appeal. United States v.

Saunders, 886 F.2d 56, 60 (4th Cir. 1989).  We find the court was not clearly erroneous in determining the drug quantity.

We will not review the district court's decision not to grant a downward departure.  United States v. Carr, 271 F.3d 172, 176-77 (4th Cir. 2001).  Finally, Conrad is not entitled to relief based on her assertion that the court should have intervened and investigated the Government's conduct.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Conrad's conviction and sentence.  The court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED