**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4840**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL ALONZA RUFUS,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Columbia. Matthew J. Perry, Jr., Senior District Judge. (CR-02-550)

---

Submitted: July 14, 2004          Decided: November 4, 2004

---

Before WILLIAMS, TRAXLER, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

David B. Betts, LAW OFFICES OF DAVID B. BETTS, Columbia, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, William K. Witherspoon, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michael Alonza Rufus appeals his convictions and sentence after pleading guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2000). We affirm.

Rufus argues the district court abused its discretion when it found there was a factual basis for his guilty plea as to the firearm charge under former Fed. R. Crim. P. 11(f). We review the district court's determination that a sufficient factual basis exists for abuse of discretion. United States v. Carr, 271 F.3d 172, 179 (4th Cir. 2001). The court "need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997) (internal citation omitted). "[I]f the evidence presented is sufficient to demonstrate that the defendant committed the elements of the charged offense, acceptance of the plea clearly does not constitute an abuse of discretion." Id.

To establish a violation of § 924(c), the Government must prove the firearm "furthered, advanced, or helped forward a drug trafficking crime." United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002). Factors that might lead a reasonable trier of fact to

conclude that the requisite nexus existed between the firearm and the drug offense include: "'the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon . . . , whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.'" Id. (quoting United States v. Ceballos-Torres, 218 F.3d 409, 414-15 (5th Cir. 2000)). Accordingly, because Rufus admitted he moved the firearm from a table that held cocaine and hid it under a bed just before answering the door to law enforcement officers, we conclude the district court did not abuse its discretion when it found there was a sufficient factual basis for Rufus's guilty plea.

Rufus also moves to remove his appellate counsel, file a pro se supplemental brief, file a pro se reply brief, supplement the record, and proceed on appeal pro se. Rufus does not have a constitutional right to proceed on appeal pro se. See Martinez v. Court of Appeal of California, 528 U.S. 152, 163 (2000); United States v. Gillis, 773 F.2d 549, 560 (4th Cir. 1985). We therefore deny Rufus's motion to remove appellate counsel and proceed on appeal pro se. We also deny Rufus's motions to supplement the record and file a pro se reply brief. However, because we permitted the defendant in Gillis to submit a supplemental pro se brief, concluding that this provided him with "any 'right' he has to self-representation on appeal," we grant Rufus's motion to file

- 3 -

a pro se supplemental brief.  <u>See</u> <u>Gillis</u>, 773 F.2d at 560. Nevertheless, we have carefully considered the issues Rufus asserts pro se and conclude that they are meritless.  We further conclude that because the record does not conclusively establish ineffective assistance of counsel, Rufus's ineffective assistance claim is not cognizable in this appeal and should be raised in a 28 U.S.C. § 2255 (2000) motion.  <u>See</u> <u>United States v. Richardson</u>, 195 F.3d 192, 198 (4th Cir. 1999).

Accordingly, we affirm Rufus's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>