**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――――

**No. 05-4161**

―――――――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROEL SOTO-VALENCIA,

Defendant - Appellant.

―――――――――――――

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., District Judge.  (CR-04-924)

―――――――――――――

Submitted:  June 23, 2005          Decided:  July 20, 2005

―――――――――――――

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

―――――――――――――

Affirmed by unpublished per curiam opinion.

―――――――――――――

William T. Clarke, THE LEGAL CLINIC OF SARRATT & CLARKE, Greenville, South Carolina, for Appellant. Maxwell Barnes Cauthen, III, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

―――――――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Roel Soto-Valencia appeals from the judgment of the district court convicting him after a plea of guilty to entering the United States illegally, having been previously deported on the basis of a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326 (2000). In his appeal, filed pursuant to Anders v. California, 386 U.S. 738 (1967), counsel for Soto-Valencia claims that the district court erred in sentencing him to sixty-four months' imprisonment and failing to depart downward from the applicable sentencing guidelines range.

Although the Sentencing Guidelines are no longer mandatory, the Supreme Court has made clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." United States v. Booker, 125 S. Ct. 738, 767 (2005). A district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (applying Booker on plain error review). The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). Id. The sentence must be "within the statutorily prescribed range and . . .

reasonable." Id. at 546-47. We have reviewed the record, including the Sentencing Guidelines recommendation and Soto-Valencia's criminal history, and we cannot conclude that the district court's imposition of sentence was unreasonable. Accordingly, we deny this claim.

Soto-Valencia also claims that the district court erred in denying his motion for a downward departure. A sentencing court's denial of a motion to depart downward is not reviewable on appeal unless it results from a mistaken belief that the court lacks the authority to depart. United States v. Carr, 271 F.3d 172, 176 (4th Cir. 2001). Nothing in the record suggests the district court was under the impression it could not award a downward departure. Accordingly, we likewise deny this claim.

Finding no meritorious issues upon our review of the record, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED
