**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4958**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

XAVIER BAHENA,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., District Judge.  (CR-05-54)

Submitted:  March 22, 2006          Decided:  April 11, 2006

Before WILLIAMS and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mark E. Edwards, EDWARDS AND TRENKLE, PLLC, Durham, North Carolina, for Appellant. Randall Stuart Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Xavier Bahena pled guilty to one count of conspiracy to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride and one count of possession with intent to distribute 6.827 kilograms (net weight) of a mixture and substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A); 846 (2000). Bahena was sentenced to a 135-month term of imprisonment. We affirm the convictions and sentence.

Because the district court determined Bahena was responsible for 20.887 kilograms (net weight) of cocaine hydrochloride, Bahena was assigned a base offense level of thirty-four. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(3) (2004). The district court then enhanced Bahena's offense level by two for possession of a firearm. See USSG § 2D1.1(b)(1). After the application of a three-level adjustment for acceptance of responsibility, Bahena's adjusted offense level was thirty-three. Because Bahena was assessed no criminal history points, he was placed in criminal history category I. The resulting advisory guideline range was 135 to 168 months.

As Bahena did not object, the district court adopted the findings in the Presentence Investigation Report. Bahena's counsel requested the court to

> consider either a sentence at the low end of the range, which [was] recommended by the probation office, or

- 2 -

possibly even below that range based on [Bahena's] lack of criminal history and his age and in fact he has a young child that he needs to get back to and support.

The district court noted that it had considered the arguments of counsel, the presentence report, as well as the relevant 18 U.S.C. § 3553(a) (2000) factors, and sentenced Bahena to imprisonment for 135 months. In doing so, the court stated that "in this instance the advisory guidelines constitute an appropriate sentencing alternative based upon the facts of this case."

On appeal, counsel filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), asserting that there were no meritorious grounds for appeal, but raising the issue of whether the district court erred when it decided not to sentence Bahena below the guidelines. Although Bahena was informed of his right to file a pro se supplemental brief, he did not do so.

"A district court's decision not to depart from the Sentencing Guidelines is not reviewable unless the court mistakenly believed it lacked authority to depart." <u>United States v. Carr</u>, 271 F.3d 172, 176 (4th Cir. 2001). Before making its decision, the district court noted that it had considered the arguments of counsel, including counsel's request that Bahena be sentenced at either the low end or below the guideline range. The court stated several times that it was treating the guidelines as advisory, but ultimately determined that the advisory guideline range was appropriate. Accordingly, we conclude the district court's

decision to not sentence Bahena below the guideline range is not subject to appellate review. In addition, even if we were to review the sentence imposed by the district court, we would conclude without difficulty that the sentence, which was at the bottom of the properly calculated guideline range, was reasonable. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly we affirm Bahena's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -