**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4373**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GEORGE LEWIS ANDERSON, a/k/a Link,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (CR-02-451)

Submitted:  January 11, 2006          Decided:  May 26, 2006

Before MICHAEL, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

D. Craig Brown, Florence, South Carolina, for Appellant. Arthur Bradley Parham, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

George Lewis Anderson pled guilty to one count of conspiracy to possess with intent to distribute and distribution of fifty grams or more of cocaine base and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1); 846 (2000). Anderson was sentenced to a 135-month term of imprisonment. We affirm the conviction and sentence.

Because the district court determined Anderson was responsible for 1.67 kilograms of cocaine base, Anderson was assigned a base offense level of thirty-eight. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(1) (2003). The district court applied a three-level adjustment for acceptance of responsibility, thereby giving Anderson an adjusted offense level of thirty-five. An additional two-level adjustment was applied because the Government stipulated that Anderson had satisfied the criteria set forth in § 5C1.2(a). See USSG § 2D1.1(b)(6). Anderson was assessed one criminal history point, which placed him in criminal history category I. The resulting advisory guideline range was 135 to 168 months.

As Anderson did not object, the district court adopted the findings in the Presentence Investigation Report. Anderson's counsel moved the district court for a downward departure pursuant to § 5H1.4, alleging Anderson's renal disease and congestive heart failure constituted "extraordinary physical impairment." The

- 2 -

district court, noting it had "the authority to exercise [its] discretion . . . to decide to depart," determined Anderson's physical impairments were "[s]erious [and] significant, but not extraordinary." Consequently, the court denied the motion for downward departure.

Similarly, counsel moved for a variance pursuant to 18 U.S.C. § 3553(a) (2000). In support, counsel once again urged consideration of Anderson's physical condition as well as his de minimis criminal past. The district court denied the motion for variance based on "the nature and circumstances of the offense." In response, Anderson's counsel requested that the court sentence Anderson "at the very bottom of [the guideline] range in light of his condition . . . ." The district court, noting it was persuaded by counsel's argument, sentenced Anderson to imprisonment for 135 months. The court concluded that "[i]t's not often that for this kind of conduct [it would] sentence at the bottom of the guidelines. But[,] . . . under all of the circumstances[,] this is one of the cases where the sentence at the bottom of the guidelines would be appropriate."

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there were no meritorious grounds for appeal, but raising the issue of whether the district court erred in its denial of Anderson's motions for

downward departure and variance.  Although Anderson was informed of his right to file a pro se supplemental brief, he did not do so.

"A district court's decision not to depart from the Sentencing Guidelines is not reviewable unless the court mistakenly believed it lacked authority to depart."  United States v. Carr, 271 F.3d 172, 176 (4th Cir. 2001).  The district court unequivocally acknowledged its authority to exercise its discretion to depart.  Before making its decision, the district court noted it had reviewed Anderson's medical records, the deposition testimony of his treating physicians, and heard from the Bureau of Prisons regarding the availability of treatment.  Though the district court acknowledged Anderson's condition was "serious" and "significant," it determined it was not of such a level as to warrant either a departure or a variance.  Accordingly, we conclude the district court's decisions to not depart or vary are not subject to appellate review.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  Accordingly we affirm Anderson's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from

- 4 -

representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>