**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4466**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARIO ALBERTO TORRES,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.  Lacy H. Thornburg, District Judge.  (2:07-cr-00028-LHT-1)

Submitted:  February 26, 2009          Decided:  March 23, 2009

Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Raquel K. Wilson, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mario Alberto Torres pled guilty, pursuant to a plea agreement, to one count of distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii) (2006) ("Count One"), and one count of possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2006) ("Count Two"). The district court sentenced Torres to a total of 120 months' imprisonment. Torres timely appealed. On appeal, Torres alleges that the district court erred in finding a sufficient factual basis to support his guilty plea to Count Two.

Before a court may enter judgment on a guilty plea, it must find a factual basis to support the plea. Fed. R. Crim. P. 11(b)(3). The district court "may conclude that a factual basis exists from anything that appears on the record." United States v. Mastrapa, 509 F.3d 652, 660 (4th Cir. 2007) (internal quotation marks and citation omitted). A "stipulated recitation of facts alone [is] sufficient to support a plea." United States v. Wilson, 81 F.3d 1300, 1308 (4th Cir. 1996). In order to find a factual basis, the court need not establish that a jury would find the defendant guilty or even that the defendant is guilty by a preponderance of the evidence. The court must determine only "that the conduct to which the defendant admits is in fact an offense under the statutory provision under which

2

he is pleading guilty." United States v. Carr, 271 F.3d 172, 178-79 n.6 (4th Cir. 2001) (internal quotation marks and citation omitted) (interpreting an earlier version of Rule 11). This court reviews "the district court's finding of a factual basis for abuse of discretion, and [the court] 'will not find an abuse of discretion so long as the district court could reasonably have determined that there was a sufficient factual basis based on the record before it.'" United States v. Ketchum, 550 F.3d 363, 367 (4th Cir. 2008) (citing Mastrapa, 509 F.3d at 660.)

To prove a violation § 924(c)(1) the Government must establish: 1) that the Defendant committed a crime of violence or drug trafficking offense; 2) that during the commission of that offense the Defendant knowingly either used or carried a firearm, or possessed a firearm; and 3) that the Defendant either used or carried the firearm "in relation to," or possessed the firearm "in furtherance of" the drug trafficking offense. See 18 U.S.C. § 924(c)(1)(A). Contrary to Torres' contention, the evidence supports a finding that he sold the firearm in relation to the narcotics transaction. See United States v. Lipford, 203 F.3d 259 (4th Cir. 2000). Our review of the record leads us to conclude that the district court did not abuse its discretion in finding a factual basis supported Torres' guilty plea to Count Two.

3

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED