**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4145

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LADY JACQUELINE LOCOTIN, a/k/a Lady Jacqueline Asante, a/k/a
Jacqueline Locotin, a/k/a Jacqueline Lady Locotin, a/k/a
Jacqueline Asante, a/k/a Jacqueline Lady Asante Locotin,
a/k/a Elizabeth Akoye Kocou, a/k/a Angela Folson, a/k/a
Joyce Amene Obese,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.    Leonie M. Brinkema,
District Judge. (1:11-cr-00397-LMB-1)

Submitted: September 25, 2012        Decided: October 3, 2012

Before AGEE, DAVIS, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John O. Iweanoge, II, THE IWEANOGES' FIRM, P.C., Washington,
D.C., for Appellant.  Neil H. MacBride, United States Attorney,
Ronald L. Walutes, Jr., Michael J. Frank, Assistant United
States Attorneys, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Lady Jacqueline Locotin of unlawful procurement of citizenship, immigration document fraud, and misuse of a social security number, and the district court imposed an eighteen-month sentence. Locotin now appeals, challenging the sufficiency of the evidence and the reasonableness of her sentence. Finding no error, we affirm.

Locotin first argues that there is insufficient evidence to support her convictions. We review a district court's decision to deny a Fed. R. Crim. P. 29 motion for acquittal de novo. United States v. Hickman, 626 F.3d 756, 762 (4th Cir. 2010). In evaluating sufficiency claims, we consider whether there is substantial evidence to support the convictions. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). Substantial evidence is that which a reasonable fact finder could accept as adequate and sufficient to support the finding of guilt beyond a reasonable doubt. Id. A defendant bringing a sufficiency claim bears a "heavy burden," which is met only in "the rare case where the prosecution's failure is clear." United States v. Ashley, 606 F.3d 135, 138 (4th Cir. 2010) (citations and internal quotation marks omitted).

In order to prove each of the charges against Locotin, the Government needed to show that she acted knowingly. To

2

prove her guilty knowledge, the Government presented evidence of Locotin's numerous misrepresentations and omissions in applications for citizenship, a passport, and a social security number. We conclude that the evidence is sufficient to uphold the verdict and therefore that the district court properly denied Locotin's Rule 29 motion.

Locotin next challenges the reasonableness of her sentence. This court reviews a sentence applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). The court first reviews for significant procedural errors, including whether the district court failed to consider the § 3553(a) factors. Gall, 552 U.S. at 46. If the court finds a sentence procedurally reasonable, it then considers substantive reasonableness, applying a totality of the circumstances test. Id. Finally, where, as here, the sentence is within the Guidelines range, the court may apply a presumption of reasonableness. Id.

Locotin presents no evidence to rebut the presumption of reasonableness. Her claim that the district court improperly applied the § 3553(a) factors is contradicted by the record, her disparity claim is unsubstantiated, and her claim of entitlement to a downward departure is unreviewable. See United States v. Carr, 271 F.3d 172, 176 (4th Cir. 2001). We therefore conclude

that the district court did not abuse its discretion in imposing Locotin's sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4