**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4238**

———————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

GLORIA JEAN GLISSON,

    Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:09-cr-00032-FDW-DSC-1)

———————

Submitted: December 5, 2012  Decided: December 13, 2012

———————

Before AGEE, DAVIS, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Stacy A. Phipps, Raleigh, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gloria Jean Glisson was convicted by a jury of one count of conspiracy to commit bank fraud, three counts of bank fraud, and one count of receipt of stolen securities, and sentenced to ninety-seven months' imprisonment. She appeals, challenging her sentence, alleging that the district court erred in denying her request for a downward departure or variance. Finding no error, we affirm.

Glisson claims that the district court's alleged errors rendered her sentence unreasonable. This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We first review for significant procedural errors, including whether the district court failed to calculate or improperly calculated the Guidelines range, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, or failed to adequately explain its chosen sentence. Id. To avoid procedural error, the district court must make an "individualized assessment," wherein it applies the relevant § 3553(a) factors to the facts of the case before it. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The district court also should address any nonfrivolous arguments for an out-of-Guidelines sentence and explain why it rejected those arguments. Id. If we find the sentence procedurally

2

reasonable, we then examine substantive reasonableness, considering the totality of the circumstances. Gall, 552 U.S. at 51. If the sentence is within the Guidelines range, this court applies a presumption of reasonableness. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010).

Glisson's argument that the district court erred in denying her request for a downward departure is unreviewable. See United States v. Carr, 271 F.3d 172, 176 (4th Cir. 2011). However, her allegation of error in failing to grant a variance is reviewable by this court. We find that Glisson's sentence is both procedurally and substantively reasonable. Despite Glisson's contentions to the contrary, the district court properly considered the § 3553(a) factors, provided a detailed individualized assessment, responded to defense counsel's arguments for a below-Guidelines sentence meaningfully and with specificity, and clearly explained its chosen sentence. Furthermore, Glisson presents no evidence to rebut the presumption of reasonableness applicable to her within-Guidelines sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED