**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4236**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

KAMRAN REZAPOUR,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:13-cr-00215-FDW-1)

_____

Submitted: April 28, 2016         Decided: May 11, 2016

_____

Before MOTZ, KEENAN, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

George J.F. Werner, Ybor City, Florida, for Appellant. Jill Westmoreland Rose, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kamran Rezapour waived indictment and pled guilty to one count of wire fraud and two counts of selling misbranded drugs. The district court sentenced Rezapour to 108 months' imprisonment. On appeal, Rezapour argues the district court erred in accepting his plea because the factual basis was insufficient to support his wire fraud conviction, and that counsel was ineffective. We affirm.

Because Rezapour did not seek to withdraw his guilty plea, we review the sufficiency of the factual basis of the plea for plain error. See United States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014). "Thus, we may reverse only on a finding that (1) there was error, (2) that was plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings." United States v. Moore, 810 F.3d 932, 939 (4th Cir. 2016) (alterations and internal quotation marks omitted). The requirement that a plea be supported by a factual basis "ensures that the court make clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime." United States v. Moussaoui, 591 F.3d 263, 299-300 (4th Cir. 2010) (quoting United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991)). "The trial court has wide discretion when determining whether a factual basis

2

exists" and "need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." Id. at 300 (alterations and internal quotation marks omitted).

"[T]o convict a person of . . . wire fraud, the government must show that the defendant (1) devised or intended to devise a scheme to defraud and (2) used . . . wire communications in furtherance of the scheme." United States v. Wynn, 684 F.3d 473, 477 (4th Cir. 2012). The first element of this offense requires that the defendant possess "the specific intent to deprive one of something of value through a misrepresentation or other similar dishonest method." Id. at 478. The misrepresentation must also be material, that is, it must "ha[ve] a natural tendency to influence, or [be] capable of influencing its target." Id. at 479 (internal quotation marks omitted).

At the plea hearing, the Government explained the elements of wire fraud, and Rezapour testified that he understood them and that he was guilty of this offense. Rezapour also stipulated to a factual basis that contained facts indicating that he used the internet to induce potential customers to purchase his products by misrepresenting those products as "all natural" and free from the side effects of prescription medication. Although Rezapour now argues that these

3

misrepresentations were not material, this claim is belied by the factual stipulation accompanying his plea, which indicates that his advertising touted the supposed "all natural" nature of his products as a major reason to purchase them rather than their prescription counterparts. The factual basis also described the deceptive means by which Rezapour and his supplier smuggled these ingredients into the United States, indicating that Rezapour was aware of their nature. Accordingly, we conclude that the district court did not err, plainly or otherwise, in finding that the factual basis adequately supported Rezapour's plea.*

Rezapour also argues that counsel was ineffective for failing to conduct an adequate investigation and by giving him erroneous advice regarding his guilty plea. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. Instead, such claims should be

---

* To the extent Rezapour argues that the district court was required to weigh the underlying evidence rather than accept his admissions as true, this argument is meritless. See United States v. Carr, 271 F.3d 172, 178-79 n.6 (4th Cir. 2001) ("The court need not satisfy itself that a jury would find the defendant guilty, or even that defendant is guilty by a preponderance of the evidence. The district court must assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." (internal quotation marks and citation omitted)).

4

raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record.  <u>United States v. Baptiste</u>, 596 F.3d 214, 216 n.1 (4th Cir. 2010).  The present record does not indicate that counsel was ineffective. Accordingly, we conclude that Rezapour's ineffective assistance claims should be raised, if at all, in a § 2255 motion.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>