**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4699

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SETH WILLIS PICKERING,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Max O. Cogburn, Jr., District Judge. (1:16-cr-00116-MOC-DLH-1)

Submitted: June 20, 2019                          Decided: June 24, 2019

Before NIEMEYER, AGEE, and RICHARDSON, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Eric J. Foster, Asheville, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Seth Willis Pickering pleaded guilty to first-degree murder within the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 1111(a), (b) (2012), and was sentenced to life in prison for killing his six-year-old daughter within Blue Ridge Parkway in North Carolina. As part of his plea agreement, Pickering waived his rights to contest the conviction and sentence on direct appeal or in a postconviction action except for claims of ineffective assistance of counsel or prosecutorial misconduct. Pickering filed an appeal, arguing that (1) the district court lacked jurisdiction over his case because there was insufficient evidence that he committed his crime within the special maritime and territorial jurisdiction of the United States; (2) the appeal waiver does not bar his jurisdictional argument because "the requirement of jurisdiction may not be waived"; and (3) the district court failed to ensure that there was a factual basis for finding that he committed his offense within the special maritime and territorial jurisdiction of the United States before accepting his plea.

The Government has filed a motion for summary disposition, *see* 4th Cir. R. 27(f), urging us to dismiss Pickering's appeal to the extent he argues that there was insufficient evidence, and to affirm the district court's judgment to the extent Pickering challenges the court's finding of a factual basis for his guilty plea. After we deferred action on the motion pending review of the merits, the Government filed a response brief, arguing that the district court had jurisdiction over Pickering's case and that it did not err in finding a factual basis for his plea.

We first address Pickering's argument that the district court erred in finding a sufficient factual basis for his guilty plea. Pickering's appeal waiver does not bar this argument, but because he raises it for the first time on appeal, we review the district court's finding for plain error. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 494 (2018). Having reviewed the stipulated factual basis and the plea hearing—at which Pickering confirmed his agreement with the factual basis, including the stipulation that he "was camping on the Blue Ridge Parkway . . . within the special maritime and territorial jurisdiction of the United States" when he killed his daughter—we identify no error, plain or otherwise, in the court's finding of a factual basis for his plea. *See McCoy*, 895 F.3d at 364-65.

Pickering's appeal waiver does bar his remaining argument that the district court lacked jurisdiction over his case because, Pickering contends, there was insufficient evidence that he committed murder within the special maritime and territorial jurisdiction of the United States. Pickering's view that the appeal waiver is no bar because jurisdiction cannot be waived confuses subject-matter jurisdiction—which the district court had under 18 U.S.C. § 3231 (2012) (granting original jurisdiction to district courts for "all offenses against the laws of the United States")—with 18 U.S.C. § 1111(b)'s jurisdictional element. *See United States v. Carr*, 271 F.3d 172, 178 (4th Cir. 2001). Any argument about where the murder occurred falls within the scope of the appeal waiver as a challenge to his conviction, and must be dismissed.

Accordingly, we grant the Government's motion for summary dismissal in part and affirm the district court's judgment. We dispense with oral argument because the

3

facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*
