UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                              No. 01-4588

WELDON BERNARD SINCLAIR,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-01-2FO)

Submitted: March 14, 2002

Decided: March 26, 2002

Before NIEMEYER and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Jennifer May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Weldon Bernard Sinclair appeals his conviction and sentence on the ground that at the time of sentencing, the district court should have revisited the issue of his competence to plead guilty. In support of his claim, he presented the medical report of a neuro-psychologist who opined that Sinclair suffers from significant deficits in cognitive ability and information processing. However, the psychologist also opined that Sinclair was competent to plead when he did so and was competent to proceed with the resolution of his case, so long as special care was taken to make sure he understood.[1]

Because there were no abnormalities in Sinclair's Fed. R. Crim. P. 11 plea colloquy such that the district court should have questioned Sinclair further as to his mental competency, and given the opinions in the expert's report as to Sinclair's competency, we find no error by the district court in failing to revisit the issue of Sinclair's competency at sentencing.[2] Accordingly, we affirm Sinclair's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[1]We note that both the district court and counsel took special care to fully explain to Sinclair the proceedings against him and the effect of his plea on his rights.

[2]Sinclair's reliance upon *United States v. Damon*, 191 F.3d 561 (4th Cir. 1999), is misplaced. In *Damon*, we remanded for further inquiry into Damon's competence because he, unlike Sinclair, testified at his plea colloquy that he was under the influence of anti-depressant medication, which in some circumstances is known to impair judgment. Here there were no circumstances present which required the district court to conduct a more searching inquiry into Sinclair's competence.