UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                   No. 02-4308

LARRY CHAPMAN,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CR-99-209)

Submitted: December 23, 2002

Decided: January 28, 2003

Before LUTTIG and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

---

### COUNSEL

C. Gordon McBride, Hartsville, South Carolina, for Appellant. J.
Strom Thurmond, Jr., United States Attorney, Kevin F. McDonald,
Assistant United States Attorney, Greenville, South Carolina, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Larry Chapman pled guilty to one count of possessing a quantity of cocaine with intent to distribute, 21 U.S.C. § 841(a), (b)(1)(C) (2000), and was sentenced as a career offender to a term of 160 months imprisonment. *U.S. Sentencing Guidelines Manual* § 4B1.1 (2000). He appeals this sentence, alleging that the district court erred when it determined that a departure below the guideline range was not warranted because of Chapman's health, *see* USSG § 5H1.4, p.s. He also raises for the first time a number of challenges to the sentence calculation and the constitutionality of § 841, all of which we review for plain error. *United States v. Olano*, 507 U.S. 725, 732-37 (1993) (unpreserved error may be corrected only if error occurred, that was plain, and that affects substantial rights, and if failure to correct error would seriously affect the fairness, integrity, or public reputation of judicial proceedings); *United States v. McAllister*, 272 F.3d 228, 230-31 (4th Cir. 2001). We find no merit in any of Chapman's claims for the reasons explained below. We affirm in part and dismiss in part.

Chapman's career offender designation was based on his 1992 conviction for cocaine trafficking and his 1994 conviction for assault and battery. Chapman argues that it was impermissible double counting to sentence him as a career offender, thereby increasing his offense level and criminal history category, because of his prior convictions when a prior drug conviction may also increase the statutory maximum from twenty to thirty years under § 841(b)(1)(C). We discern no error.* The district court applied the guidelines "as written," *see United States v. Wilson*, 198 F.3d 467, 472 n* (4th Cir. 1999), and

---

*The record discloses that the government did not file the necessary information pursuant to 21 U.S.C. § 851 (2000), seeking the statutory sentence enhancement. Thus, Chapman was not exposed to a statutory term of more than twenty years.

neither the guideline calculation nor Chapman's sentence was affected by the potential increase in the statutory maximum.

Chapman next objects to the inclusion in his criminal history of one criminal history point for a 1991 fine he paid after he pled guilty to criminal domestic violence. The information in the presentence report did not establish whether Chapman was represented by counsel or whether the conviction was for a felony or a misdemeanor. A non-prison sentence for an uncounseled misdemeanor (but not felony) conviction, may be counted in a defendant's criminal history. *Nichols v. United States*, 511 U.S. 738 (1994). In this case, the issue is moot because the point awarded for the conviction did not affect Chapman's criminal history score, which was determined by his status as a career offender based on other prior convictions.

Chapman further alleges that, under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), § 4B1.1 is unconstitutional when applied in a case where the sentence is enhanced pursuant to § 841(b)(1)(C), in that the government is not required to prove the fact of the defendant's prior convictions beyond a reasonable doubt by submitting the issue to a jury. As noted above, Chapman was not subject to a enhanced sentence under the statute. Moreover, *Apprendi* is not implicated when the district court determines sentencing enhancements that do not increase the statutory maximum sentence. *Harris v. United States*, 122 S. Ct. 2406, 2418 (2002). Nor has the sentencing scheme set out in § 841(b) been rendered facially unconstitutional by *Apprendi*, as Chapman suggests. *McAllister*, 272 F.3d at 232-33.

Chapman argues that Congress has failed to make interstate drug transactions an element of an offense under § 841(a), and has thus exceeded its power to criminalize conduct under the Commerce Clause as it did in *United States v. Lopez*, 514 U.S. 549, 558-59 (1995). We have already considered and rejected a Commerce Clause challenge to § 841(a)(1). *United States v. Leshuk*, 65 F.3d 1105, 1112 (4th Cir. 1995). Consequently, this claim fails, as does Chapman's related argument that the government should have been required to assert an alternative basis for jurisdiction.

With respect to the district court's decision not to depart below the guideline range because of his health problems, the record reveals that

the district court was in no doubt about its legal authority to depart on this ground, but decided not to depart. In this circumstance, the district court's exercise of its discretion is not reviewable by the appellate court. *United States v. Carr*, 271 F.3d 172, 176-77 (4th Cir. 2001). Therefore, this portion of the appeal must be dismissed for lack of jurisdiction.

We therefore affirm the sentence imposed by the district court. We dismiss that portion of the appeal that seeks to challenge the district court's decision not to depart. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART AND DISMISSED IN PART*