**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4388**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROY MELVIN HOPKINS,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Benson Everett Legg, Chief District Judge.  (1:06-cr-00311-BEL-1)

Submitted:  April 16, 2010            Decided:  May 28, 2010

Before TRAXLER, Chief Judge, and NIEMEYER and KING, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Sicilia Chinn Englert, LAWLOR & ENGLERT, LLC, Greenbelt, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Christopher Mason, Special Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roy Melvin Hopkins appeals his conviction and 100-month sentence for one count of possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g) (2006). For the reasons that follow, we affirm in part, vacate in part, and remand.

Hopkins, who pled guilty without the benefit of a plea agreement, challenges his conviction on the ground that the district court, in conducting its Fed. R. Crim. P. 11 colloquy, did not take adequate steps to ensure he was competent to enter a plea of guilty. As the colloquy commenced, the district court asked the following series of questions:

> Q: Have you ever been treated for narcotics addiction or mental illness, sir?
>
> A: Yes.
>
> Q: And which of those applies?
>
> A: Mental.
>
> Q: And are you now on a medication?
>
> A: Yes.
>
> Q: And which medication is that, sir?
>
> A: Like six different medications. I can't pronounce them.
>
> Q: So that you're taking a number of drugs?
>
> A: Yes.
>
> Q: And –

2

```
A:    Yes.

Q:    And did you take some earlier today?

A:    Yes.

Q:    And do these drugs help you, help you, or do
      they make you feel out of it, so to speak?

A:    They help me a little bit.

Q:    As we sit here today, are you able to follow
      me?

A:    Yes.
```

Hopkins argues that his indication that he was on medications, coupled with his demeanor during the proceedings, should have caused the court to conduct a more lengthy inquiry into his competence. We disagree.

Because Hopkins did not move to withdraw his plea, we review for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To establish plain error, Hopkins must show that: (i) an error occurred; (ii) the error is plain; and (iii) the error affected his substantial rights. See United States v. Smith, 441 F.3d 254, 271 (4th Cir. 2006). Prior to accepting a defendant's guilty plea, it is the responsibility of the court to determine that the defendant is competent to enter the plea. See United States v. Damon, 191 F.3d 561, 564 (4th Cir. 1999). With a medicated defendant, a court should ascertain the effect, if any, of the medication on the defendant's ability to make a knowing and voluntary plea. See

3

*id.* (finding error in the district court's failure to determine the effect of defendant's medication on defendant's ability to enter a voluntary plea).

Here, we find that the district court conducted an appropriate inquiry into the effect of Hopkins's medication. In light of the whole record, we find that the court did not plainly err in conducting its colloquy. We therefore affirm Hopkins's conviction.

Hopkins challenges his 100-month sentence on the basis that the district court impermissibly accorded a presumption of validity to a within-Guidelines sentence. During sentencing, the district court said the following: "The sentencing guidelines are no longer mandatory. They are merely advisory. . . . Under the Fourth Circuit case law, the Advisory Guideline sentence is presumptively reasonable, and the judge must have a good reason rooted in the statute for imposing a variant sentence."

Despite the district judge's explanation that he was aware the Guidelines were advisory, his application of a presumption of reasonableness to a sentence within the Guideline range was in error. The Supreme Court has explicitly cautioned that the presumption of reasonableness "is an appellate court presumption . . . . [T]he sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence

4

should apply." Rita v. United States, 551 U.S. 338, 351 (2007). Further, the Court recently confirmed that a district court's erroneous treatment of the Guidelines range as presumptively reasonable is not cured by recognition that the Guidelines are advisory:

> In this case, the Court of Appeals quoted the above language from Rita but affirmed the sentence anyway after finding that the District Judge did not treat the Guidelines as mandatory. That is true, but beside the point. The Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable. We think it plain from the comments of the sentencing judge that he did apply a presumption of reasonableness to [the defendant]'s guideline range. Under our recent precedents, this constitutes error.

Nelson v. United States, 129 S. Ct. 890, 892 (2009). We conclude here that the district court improperly applied a presumption of reasonableness to the advisory Guidelines range, and for that reason, we vacate Hopkins's sentence and remand for new sentencing.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,<br>
VACATED IN PART,<br>
AND REMANDED

5