**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-4064**

---

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

DIONE FAUNTLEROY, JR., a/k/a Sticks, a/k/a Dummy,

                Defendant – Appellant.

---

**No. 12-4172**

---

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

KIMMER BAKER, a/k/a Big Boy,

                Defendant - Appellant.

---

**No. 12-4177**

---

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

DIONE FAUNTLEROY, SR., a/k/a Big Man,

Defendant - Appellant.

---

Appeals from the United States District Court for the District of Maryland, at Baltimore. Benson Everett Legg, District Judge. (1:10-cr-00336-BEL-1; 1:10-cr-00336-BEL-12; 1:10-cr-00336-BEL-13)

---

Submitted: January 18, 2013          Decided: January 31, 2013

---

Before MOTZ, DUNCAN, and WYNN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Andrew R. Szekely, LAWLOR & ENGLERT, LLC, Greenbelt, Maryland; Anthony D. Martin, ANTHONY D. MARTIN, P.C., Greenbelt, Maryland; Arthur S. Cheslock, Baltimore, Maryland, for Appellants. Rod J. Rosenstein, United States Attorney, Christopher J. Romano, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In December 2010, a federal grand jury sitting in the District of Maryland returned a twenty-four-count indictment against twenty-two named individuals. As relevant to these consolidated appeals, Dione Fauntleroy, Jr., Dione Fauntleroy, Sr., and Kimmer Baker were charged with conspiracy to distribute and to possess with intent to distribute fifty grams or more of crack cocaine, five kilograms or more of cocaine, and an unspecified quantity of heroin within 1000 feet of a public housing facility, in violation of 21 U.S.C. §§ 846, 860 (2006). All three men eventually pleaded guilty to this offense. Both Fauntleroys entered into written plea agreements with the Government, which included stipulated sentences. See Fed. R. Crim. P. 11(c)(1)(C). Baker entered his guilty plea without the benefit of a written plea agreement.

The district court ultimately imposed the stipulated sentences negotiated between the Fauntleroys and the Government. In sentencing Baker, the court varied downward from his advisory Guidelines range to impose a 160-month term of imprisonment. Each Defendant timely noted an appeal from the entry of judgment. Their appeals were consolidated in this court.

On appeal, Fauntleroy Jr. asserts that the district court "committed reversible error by not seeking to explore the issue of whether [he] was so intoxicated during his guilty plea

3

that he could not freely, knowingly, and voluntarily waive his rights." (Appellants' Br. at 15). Fauntleroy Sr. argues that the district court abused its discretion by failing to sua sponte conduct a competency hearing after being informed of his mental retardation and addiction issues and learning that he did not fully understand his plea agreement. Baker appeals only his sentence, arguing that the district court erred in computing his criminal history score and violated due process in determining the drug quantity attributable to him.

As discussed in more detail below, we find no merit in any of these arguments. Accordingly, we affirm the three criminal judgments.

I.

Turning first to Appeal No. 12-4064, Fauntleroy Jr.'s lone appellate contention is that the district court was obligated to retrospectively evaluate his competency to plead guilty after learning, via a statement in his presentence report ("PSR"), about his potential intoxication on the day of his guilty plea. We disagree.

Because Fauntleroy Jr. did not move in the district court to withdraw his guilty plea or otherwise raise this issue in the district court, it is reviewed for plain error. <u>United States v. Martinez</u>, 277 F.3d 517, 525 (4th Cir. 2002); <u>see</u>

United States v. Hopkins, 380 F. App'x 357, 358-59 (4th Cir. 2010). To establish plain error on appeal, Fauntleroy Jr. must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993).

As an initial matter, we note that the PSR does not unequivocally establish that Fauntleroy Jr. informed the probation officer that he was actually inebriated or under the influence of narcotics when he entered his guilty plea. Rather, the report reflects that Fauntleroy Jr. told the probation officer that he had used Oxycontin and ingested alcohol the day of his Fed. R. Crim. P. 11 hearing. While one could infer from this that Fauntleroy Jr. took Oxycontin and drank alcohol prior to the plea hearing, and thus surmise that he was under the influence at the hearing, the record does not command such a conclusion. In light of this ambiguity, we find it particularly significant that appellate counsel does not actually assert that Fauntleroy Jr. was inebriated or under the influence of any intoxicating substance when he entered his guilty plea.

Assuming, though, that the district court should have construed the PSR to mean that Fauntleroy Jr. used these intoxicating substances prior to entering his guilty plea, we conclude that any error stemming from the court's failure to pursue this issue was not plain. Fauntleroy Jr.'s post-hoc

5

contention is flatly contradicted by his testimony at the Rule 11 hearing. While under oath, Fauntleroy Jr. testified that he had not taken any drug or drink that would affect his thinking within the last twenty-four hours. The court also asked whether Fauntleroy Jr. was "completely lucid of mind and capable of making a fully informed decision," to which he responded affirmatively. (J.A. 141).[1]

Absent compelling evidence to the contrary, "the truth of sworn statements made during a Rule 11 colloquy is conclusively established." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005); see Blackledge v. Allison, 431 U.S. 63, 74 (1977) (holding that a defendant's declarations at the Rule 11 hearing "carry a strong presumption of verity"); United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991) (concluding that a defendant's statements at a Rule 11 hearing that he was neither coerced nor threatened was "strong evidence of the voluntariness of his plea"). The information contained in the PSR simply was not so compelling as to obligate the district court to revisit the issue of Fauntleroy Jr.'s competency. Cf. United States v. Sinclair, 31 F. App'x 232 (4th Cir. 2002) (holding that the district court did not err in "failing to

---

[1] Citations to the "J.A." refer to the four-volume joint appendix the parties filed with this court.

revisit the issue of [defendant's] competency at sentencing," given that "there were no abnormalities in [his] Fed. R. Crim. P. 11 plea colloquy" and defendant's medical evidence reflected that he was indeed competent to plead guilty). On this record, we hold that Fauntleroy Jr. cannot establish that there was any error that was plain.

## II.

We next consider Fauntleroy Sr.'s claim, in Appeal No. 12-4177, that the district court erred in failing to sua sponte conduct a competency hearing after learning that he (a) did not fully understand the nature of his plea agreement; (b) previously attempted suicide; and (c) was mildly mentally retarded and had a long-term history of drug abuse. The conviction of a defendant when he is legally incompetent violates due process, and Congress has acted to protect this right by authorizing and requiring trial courts to hold competency hearings. Beck v. Angelone, 261 F.3d 377, 387 (4th Cir. 2001); United States v. Mason, 52 F.3d 1286, 1289 (4th Cir. 1995). When neither party moves for a competency hearing, the district court:

> [S]hall order such a hearing on its own motion[ ] if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the

nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241(a) (2006). The hearing may be ordered any time after prosecution commences or before sentencing. Id.

"[A] petitioner may make a procedural competency claim by alleging that the trial court failed to hold a competency hearing after the petitioner's mental competency was put in issue." Beck, 261 F.3d at 387. Such a claim will succeed if the petitioner establishes that the trial court failed to consider facts or information that created a "bona fide doubt" as to the petitioner's competency. Id. (internal quotation marks omitted). "In determining whether there is reasonable cause to order a competency hearing, a trial court must consider all evidence before it, including evidence of irrational behavior, the defendant's demeanor at trial, and medical opinions concerning the defendant's competence." Mason, 52 F.3d at 1290 (citing Drope v. Missouri, 420 U.S. 162, 180 (1975)).

To establish a procedural incompetency claim, a defendant "need not demonstrate on appeal that he was in fact incompetent, but merely that the district court should have ordered a hearing to determine the ultimate fact of competency." United States v. Banks, 482 F.3d 733, 742 (4th Cir. 2007). Because the district court "is in a superior position to adjudge the presence of indicia of incompetency constituting reasonable

8

cause to initiate a hearing," we review the district court's determination that no reasonable cause existed to order a competency hearing for an abuse of discretion. <u>Id.</u> at 742-43. However, "this [c]ourt may not substitute its judgment for that of the district court; rather, we must determine whether the [district] court's exercise of discretion, considering the law and the facts, was arbitrary or capricious." <u>Id.</u> (citing <u>Mason</u>, 52 F.3d at 1289).

Fauntleroy Sr. argues that "[t]he information learned at the sentencing hearing coupled with the defendant's letter addressed to the court raised the need for the Court to determine whether Fauntleroy Sr. was legally competent at the time of his guilty plea." (Appellants' Br. at 18). Counsel contends that Fauntleroy Sr.'s "past mental and psychological problems" cast doubt on "his competency at the time of his guilty plea." (<u>Id.</u> at 22).

We are not persuaded by this argument. First, nothing about Fauntleroy Sr.'s post-plea, pre-sentencing letter to the district court could reasonably be viewed as generating concerns about his competency. Counsel's statements at sentencing were likewise insufficient to obligate the court to re-examine

Fauntleroy Sr.'s competency.[2] Particularly, counsel averred that Fauntleroy Sr. had "some mental retardation," but did not elaborate on that point or proffer any corroborating evidence. (J.A. 221). And although counsel noted that Fauntleroy Sr. had accidentally overdosed on drugs in 1990, resulting in an extended hospital stay, he did not argue that Fauntleroy Sr. was mentally ill or being treated for any mental illness. At no time did counsel assert that any of these factors rendered Fauntleroy Sr. "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). We conclude that these facts were insufficient to raise a "bona fide doubt" regarding Fauntleroy Sr.'s competency, Beck, 261 F.3d at 387 (internal quotation marks omitted), and thus hold that the district court did not abuse its discretion by failing to sua sponte conduct a competency hearing.

---

[2] At the Rule 11 hearing, the district court questioned Fauntleroy Sr. regarding whether he was "completely lucid of mind," and he responded affirmatively. (J.A. 141). At the conclusion of the hearing, the court specifically found that Fauntleroy Sr. was "clear of mind and fully capable of making an informed decision." (J.A. 157).

10

III.

Finally, we turn to Baker's claim, in Appeal No. 12-4172, that the district court erred in computing his criminal history score and in calculating the drug quantity attributable to him for sentencing purposes. We review Baker's sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Horton, 693 F.3d 463, 472 (4th Cir. 2012). In reviewing the district court's application of the Sentencing Guidelines, this court reviews findings of fact for clear error and questions of law de novo. Horton, 693 F.3d at 474.

As the Government aptly points out in its response brief, the computation of Baker's criminal history score was rendered irrelevant by the district court's application of the career offender enhancement, which Baker does not challenge on appeal. Pursuant to this guideline, the defendant's criminal history category is automatically set at VI. See U.S. Sentencing Guidelines Manual § 4B1.1(b)(B) (2011). Accordingly, any error in calculating Baker's criminal history score does not affect his sentence, given that his criminal history category was ultimately determined by the career offender guideline. See United States v. Chapman, 57 F. App'x 551, 552 (4th Cir. 2003) (holding dispute as to calculation of criminal history score mooted by career offender enhancement).

11

Baker's challenge to the calculation of the drug quantity attributed to him also misses the mark. Although Baker remains steadfast in his contention that the attributable drug quantity should reflect only his actual involvement in the conspiracy's distribution efforts, this argument simply misapprehends the law. It is well settled that, when determining the drug quantity to attribute to a defendant convicted of a drug conspiracy, "the district court may attribute to the defendant the total amount of drugs involved in the conspiracy, provided the drug quantities were reasonably foreseeable to the defendant and are within the scope of the conspiratorial agreement." United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999). Accordingly, we reject Baker's contention that "he should be held responsible for his actions alone and only the amount of drugs he transferred or received." (Appellants' Br. at 26).

## IV.

For the foregoing reasons, we affirm the district court's judgments in these consolidated appeals. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

12