## UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

### No. 11-4231

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

LIBRADO PELAGIO JACOBO,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.   Thomas D. Schroeder,
District Judge.  (1:10-cr-00240-TDS-1)

Submitted:  September 13, 2011        Decided:  September 21, 2011

Before WILKINSON, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael E. Archenbronn, LAW OFFICE OF MICHAEL E. ARCHENBRONN,
Winston-Salem, North Carolina, for Appellant.   Clifton Thomas
Barrett, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Librado Pelagio Jacobo appeals the district court's judgment entered pursuant to his guilty plea to one count of possession with intent to distribute 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (2006) ("Count Two"), and to one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2006) ("Count Five"). The district court sentenced Jacobo to 108 months' incarceration on Count Two and 60 months' imprisonment on Count Five. On appeal, Jacobo's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that he could identify no meritorious issues for appeal, but questions whether Jacobo's sentence was reasonable.[*]

This court reviews a sentence for reasonableness under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). A reasonableness review includes both procedural and substantive components. Id. A sentence is procedurally reasonable where the district court committed no significant procedural errors, such as improperly calculating the Guidelines range, failing to consider the 18

---

[*] Jacobo was advised of his right to file a pro se supplemental brief but has declined to do so. The Government has indicated that it will not file a brief in this matter.

2

U.S.C. § 3553(a) (2006) factors, or insufficiently explaining the selected sentence. United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010). The substantive reasonableness of a sentence is assessed in light of the totality of the circumstances. Gall, 552 U.S. at 51. While a sentence may be substantively unreasonable if the § 3553(a) factors do not support the sentence, "[r]eviewing courts must be mindful that, regardless of 'the individual case,' the 'deferential abuse-of-discretion standard of review . . . applies to all sentencing decisions.'" United States v. Diosdado-Star, 630 F.3d 359, 366 (4th Cir.), cert. denied, 131 S. Ct. 2946 (2011) (citing Gall, 552 U.S. at 52). Moreover, a sentence that falls within a properly calculated Guidelines range is presumptively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). Where, as here, an appellant has preserved his challenge "[b]y drawing arguments from § 3553 for a sentence different than the one ultimately imposed," an abuse of the court's discretion must be reversed unless it constitutes harmless error. United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010).

At sentencing, Jacobo raised no objections to the findings or calculations made in the presentence report (the "PSR"), which established an applicable sentencing range of 108 to 135 months' imprisonment on Count Two, and a consecutive

3

sixty-month sentence on Count Five. Instead, Jacobo raised before the district court the same argument that he does here; namely, that Jacobo warranted a sentence below the applicable guideline range based on his limited education, his clean criminal record, and his cooperation with authorities.

Our review of the record persuades us that the district court did not abuse its discretion in declining Jacobo's request to depart downward from the guideline range that he concedes was correctly computed. Indeed, "[a] district court's decision not to depart from the Sentencing Guidelines is not reviewable unless the court mistakenly believed that it lacked authority to depart." Allen, 491 F.3d at 193 (quoting United States v. Carr, 271 F.3d 172, 176 (4th Cir. 2001)). The record in this case clearly demonstrates that the court understood its ability to impose a sentence of sixty months, but that it simply chose not to, based on its assessment of the factors enumerated in § 3553(a). See United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007). We therefore conclude that the district court's decision to impose a within-Guidelines sentence on Jacobo was a proper exercise of its prerogative. See Allen, 491 F.3d at 193.

In accordance with Anders, we have reviewed the entire record in this case, including the guilty plea hearing, and have found no meritorious issues for appeal. We therefore affirm the

4

district court's judgment. This court requires that counsel inform Jacobo, in writing, of the right to petition the Supreme Court of the United States for further review. If Jacobo requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jacobo.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>