**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-5033**

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

            v.

KEVIN BERNARD SMITH,

                  Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Richard D. Bennett, District Judge.
(1:12-cr-00333-RDB-1)

Submitted:  July 23, 2013              Decided:  July 31, 2013

Before GREGORY and WYNN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael D. Montemarano, MICHAEL D. MONTEMARANO, PA, Columbia,
Maryland, for Appellant.   Martin Joseph Clarke, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Bernard Smith pled guilty to conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(a)(2), (b)(2) (2006) (Count One), and aggravated identity theft, in violation of 18 U.S.C. § 1028A (2006) (Count Three), and the district court sentenced him to a total term of imprisonment of sixty-five months. On appeal, counsel for Smith filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether Smith received ineffective assistance of counsel at sentencing. Smith has filed a supplemental pro se brief arguing that the statement of facts submitted at his plea hearing was insufficient to provide a factual basis for his guilty pleas, rendering his pleas involuntary and constructively amending the indictment. Smith also claims that counsel rendered ineffective assistance in advising him to plead guilty. We affirm.

Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that the defendant understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1). The district court also must ensure that the

defendant's plea was voluntary, was supported by a sufficient factual basis, and did not result from force or threats. Fed. R. Crim. P. 11(b)(2), (3); see United States v. Carr, 271 F.3d 172, 178 n.6 (4th Cir. 2001) ("The court must satisfy itself that all the elements of the charged offense[s] were committed."). "In reviewing the adequacy of compliance with Rule 11, this [c]ourt should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).

Because Smith did not move the district court to withdraw his guilty plea, any errors in the plea hearing are reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002). "To establish plain error, [Smith] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Smith satisfies these requirements, we retain discretion to correct the error, "which we should not exercise . . . unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and brackets omitted). Our review of the record leads us to conclude that the facts proffered by the parties during the plea

3

colloquy were sufficient to support Smith's pleas of guilty and did not constructively amend the indictment.

Smith also avers that counsel rendered ineffective assistance in connection with his guilty pleas and his sentencing. However, the record does not conclusively establish any deficient performance of counsel. See United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008) (providing standard); United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). We therefore conclude that the ineffective assistance claims are not cognizable on direct appeal. Rather, to permit adequate development of the record, Smith must pursue such claims, if at all, in an appropriate proceeding for post-conviction relief. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore decline to consider Smith's claims of ineffective assistance of counsel and affirm the district court's judgment. This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

representation.  Counsel's motion must state that a copy thereof was served on Smith.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>