**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4666**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

DARIUS STEPHEN MCNAIRY,

Defendant - Appellant.

**No. 14-4686**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

BRIAN EUGENE HARGRAVE,

Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:14-cr-00008-CCE-2; 1:14-cr-00008-CCE-1)

Submitted: April 16, 2015          Decided: April 20, 2015

Before AGEE and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Terry F. Rose, Smithfield, North Carolina, for Appellant. Ripley Rand, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darius McNairy and Brian Hargrave appeal the district court's criminal judgments entered pursuant to their guilty pleas to charges of violating the Hobbs Act and using a firearm during a crime of violence, and sentencing them to 140 and 147 months' imprisonment, respectively. On appeal, Appellants challenge only their Hobbs Act convictions. We affirm.

The Hobbs Act makes it a crime to commit robbery or extortion to obstruct, delay, or affect commerce or the movement of any commodity in commerce. 18 U.S.C. § 1951(a) (2012). The Hobbs Act "requires proof of two elements: (1) the underlying robbery or extortion crime, and (2) an effect on interstate commerce." United States v. Williams, 342 F.3d 350, 353 (4th Cir. 2003). Proof that a business acquired supplies or goods from out-of-state sources will normally satisfy the commerce element. See Stirone v. United States, 361 U.S. 212, 215 (1960); see also United States v. Curcio, 759 F.2d 237, 241 (2d Cir. 1985). Commerce is also affected if the robbery depletes the assets of the business. Williams, 342 F.3d at 354-55.

Appellants contend that the district court lacked subject matter jurisdiction over this case because the commerce element was not proven. To the contrary, the commerce element "implicates the power of Congress to regulate the conduct at issue, not the jurisdiction of the court to hear a particular

3

case." Cf. United States v. Carr, 271 F.3d 172, 178 (4th Cir. 2001) (construing the commerce element in the federal arson statute, 18 U.S.C. § 844(i) (2000)[*]). Therefore, Appellants "merely contest[] the sufficiency of the evidence supporting that element of the offense." Id.

In the context of guilty pleas, Rule 11(f) of the Federal Rules of Criminal Procedure explains that "the court should not enter a judgment upon such [] plea[s] without making such inquiry as shall satisfy it that there is a factual basis for the plea[s]." Fed. R. Crim. P. 11(f). Because Appellants did not object to the factual basis for their pleas before the district court, our review is for plain error. United States v. Massenburg, 564 F.3d 337, 342 (4th Cir. 2009). Under this standard, Appellants must show that an error (1) occurred, (2) was plain, and (3) affected their substantial rights. Id. at 342-43 (citing United States v. Olano, 507 U.S. 725, 732 (1993)). Even then, we will only exercise our discretion to correct the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 732 (citations, alterations, and internal quotation marks omitted).

---

[*] The current version is available at 18 U.S.C. § 844(i) (2012).

4

We find no error in the district court's acceptance of the factual basis for Appellants' guilty pleas, plain or otherwise. Appellants stole cash from a North Carolina beauty salon, which purchased supplies from another business in Virginia.

Appellants' counterarguments are unconvincing. That Appellants "only" stole $200 is irrelevant. See United States v. Capozzi, 347 F.3d 327, 337 (1st Cir. 2003) (noting that Government need only show "de minimis" effect on interstate commerce). The factual basis need not have specified that the beauty salon was a "commercial entity." See Williams, 342 F.3d at 352 (holding that the robbery of a drug dealer satisfied the commerce element). Finally, despite Appellants' protests to the contrary, the factual basis specified that the stolen cash belonged to the beauty salon, not to the owner in her individual capacity. We thus hold that the factual basis was adequate to satisfy the commerce element.

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5