**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4408**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARK VAN EPERN,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Kenneth D. Bell, District Judge.  (3:20-cr-00368-KDB-DSC-1)

_____

Submitted:  February 25, 2025                    Decided:  June 5, 2025

_____

Before THACKER, QUATTLEBAUM, and RUSHING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Noell P. Tin, TIN FULTON WALKER & OWEN, Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Elizabeth M. Greenough, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Van Epern ("Appellant") pled guilty to one count of production of child sexual abuse material in violation of 18 U.S.C. §§ 2251(a) and 2251(e).[1] On appeal, he challenges the factual basis of his plea and the substantive reasonableness of his sentence. We hold that the district court correctly determined that Appellant provided an adequate factual proffer for his plea by stipulating to the conduct set forth in the Presentence Investigation Report ("PSR"). And, the appeal waiver in Appellant's plea agreement precludes our review of his challenge to the substantive reasonableness of his sentence.

For the foregoing reasons and as detailed below, we affirm.

I.

On January 6, 2021, Appellant entered into a plea agreement with the Government (the "Plea Agreement") in which he pled guilty to one count of production of child sexual abuse material in violation of 18 U.S.C. §§ 2251(a) and 2251(e). In the Plea Agreement, Appellant "stipulate[d] that there is a factual basis, as required by Rule 11(b)(3), for the plea of guilty." J.A. 15.[2] The factual basis set forth in the Plea Agreement stated that sometime between January 1, 2010, and June 30, 2014, Appellant "employed, used, persuaded, induced, enticed, or coerced, and attempted to employ, use, persuade, induce, entice, or coerce [a minor] to take part in sexually explicit conduct for the purpose of

---

[1] *See United States v. Kuehner*, 126 F.4th 319, 322 n.1 (4th Cir. 2025) (referring to "child pornography" as "child sexual abuse material" to "reflect more accurately the abusive and exploitative nature of child pornography").

[2] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

producing a visual depiction of such conduct." *Id.* at 19.  Appellant stipulated that he used materials with a nexus to interstate and foreign commerce to create the visual depiction of the minor.  In exchange for the Plea Agreement, Appellant "waive[d] all rights to contest the conviction and sentence in any appeal or post-conviction action." *Id.* at 16.

A magistrate judge conducted Appellant's plea hearing and recommended that the district court accept Appellant's guilty plea.  In advance of Appellant's sentencing hearing, the Probation Office prepared a PSR detailing the relevant conduct of Appellant's offense.  As recounted in the PSR, Appellant used a hidden camera to capture videos of the minor victim ("MV"), while she was naked in her bedroom.  Appellant then excerpted still images from those videos, which he cropped to focus on MV's genitals.  Appellant also created a video of himself ejaculating onto a photo of "what appears to be [the face of] of MV pasted onto a naked body of an unknown female."  J.A. 69.

At Appellant's sentencing hearing, the district court asked the parties if they agreed that there was a factual basis for the plea and "that the Court may rely on the offense conduct set forth in the [PSR] to establish the factual basis[.]"  J.A. 128.  Both Appellant and the Government so stipulated.  "Based on that stipulation and the offense conduct set forth in the [PSR], [Appellant's] plea of guilty before the magistrate judge, and [Appellant's] admissions," the court found a factual basis for Appellant's guilty plea.  *Id.* at 128–29.  The court also confirmed that Appellant did not object to any aspect of the PSR.  The court then adopted the PSR without change.

The district court determined Appellant's United States Sentencing Guidelines ("Guidelines") range to be 135 to 168 months of imprisonment, with a mandatory

minimum term of imprisonment of 180 months for a violation of 18 U.S.C. § 2251. After receiving evidence and hearing argument from both parties, the court sentenced Appellant to an upward variant sentence of 210 months of imprisonment. The court determined that the upward variant sentence was a just punishment, "due to the serious nature of the offense, the duration of the conduct, and the efforts [Appellant] took to conceal his conduct." S.A. 13.[3] The court also took into consideration Appellant's "future dangerousness and rehabilitation efforts." *Id.*

Appellant timely noted his appeal.

## II.

We review unpreserved challenges to the factual basis for a guilty plea for plain error. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018).

We review the validity of an appeal waiver de novo. *United States v. Smith*, --- F.4th ----, No. 22-4338, 2025 WL 1096245, at *4 (4th Cir. Apr. 14, 2025). Generally, "[w]hen the government seeks to enforce an appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and if the issue being appealed falls within its scope." *United States v. Carter*, 87 F.4th 217, 224 (4th Cir. 2023). But, "[w]e will refuse to enforce an otherwise valid [appeal] waiver if to do so would result in a miscarriage of justice." *Smith*, --- F.4th ----, 2025 WL 1096245, at *10 (quoting *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016)).

---

[3] Citations to the "S.A." refer to the Supplemental Appendix filed by the parties in this appeal.

III.

A.

Appellant argues that his conviction should be vacated because there was not a sufficient factual basis to support his plea.  Pursuant to Federal Rule of Criminal Procedure 11(b)(3), a district court must "determine that there is a factual basis for the plea."  In making this determination, a court need not "satisfy itself that a jury would find the defendant guilty, or even that [the] defendant is guilty by a preponderance of the evidence." *United States v. Miller*, 75 F.4th 215, 225 (4th Cir. 2023) (quoting *United States v. Carr*, 271 F.3d 172, 178 n.6 (4th Cir. 2001)).  Rather, the court's inquiry is satisfied if "the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *Id.* (citing *United States v. Mitchell*, 104 F.3d 649, 652 (4th Cir. 1997)).

The statute to which Appellant pled guilty criminalizes using a minor to engage in sexually explicit conduct for producing a visual depiction of such conduct, where that visual depiction was made using materials with a nexus to interstate commerce.  18 U.S.C. § 2251(a).  "[S]exually explicit conduct" includes "actual or simulated . . . lascivious exhibition of the anus, genitals, or pubic area of any person."  18 U.S.C. § 2256(2)(A). Appellant argues that the videos he stipulated to in the PSR do not constitute a lascivious exhibition.

The crux of the issue here is what constitutes a "lascivious exhibition."  As we explained in our recent decision in *United States v. Deritis*, using a hidden camera to capture naked images of a minor's genitals does not present a close factual question for a

5

violation of § 2251.  *United States v. Deritis*, --- F.4th ----, No. 23-4150, 2025 WL 1386211, at *6 (4th Cir. May 14, 2025) ("[C]ases where an adult obtains a video of a naked minor's genitals through manipulative means such as a hidden camera do not present a close question for finding "lascivious exhibition." (discussing *United States v. Courtade*, 929 F.3d 186, 193 (4th Cir. 2019), *as amended* (July 10, 2019) (holding that a "video objectively depict[ed] a 'lascivious exhibition'" where the defendant relied on "deceit [and] manipulation" to film a minor's genitals)).  To be sure, a reasonable jury might find otherwise in a close case, but that is a question of fact not law.  Here, there is no doubt that Appellant's conduct is an offense pursuant to the statute.  *See Deritis*, --- F.4th ----, No. 23-4150, 2025 WL 1386211, at *8 (holding that substantially similar conduct was adequate and sufficient to sustain a conviction for violating § 2251(a)).  This conclusion is all the more obvious given that Appellant admitted to conduct that leaves no doubt as to whether the images he captured were "intended or designed to elicit a sexual response."  *United States v. Sanders*, 107 F.4th 234, 262 (4th Cir. 2024) (explaining that whether a visual depiction was "intended or designed to elicit a sexual response [in the viewer]" is a relevant consideration for "determining whether the visual depiction is lascivious" (relying on *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986))).

Therefore, we hold that the district court committed no error -- plain or otherwise -- in holding that Appellant's stipulated conduct provided an adequate factual basis for his plea to production of sexually explicit conduct involving a minor.

6

B.

Appellant also challenges the substantive reasonableness of his sentence. In an effort to circumvent the appeal waiver in the Plea Agreement, Appellant argues for the first time in his reply brief that enforcing the appeal waiver would amount to a miscarriage of justice "because [his sentence] is substantively unreasonable . . . [and] because the applicable Guideline is itself unjust." Appellant's Reply Br. at 16.

Appellant is correct that "[w]e will refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). But an appellant must proffer more than a substantively unreasonable sentence or a policy disagreement with the Sentencing Guidelines in order to meet this exacting standard. *See United States v. Smith*, --- F.4th ----, No. 22-4338, 2025 WL 1096245, at *10–12 (4th Cir. Apr. 14, 2025) (explaining the "narrow class of claims" for which we have declined to enforce otherwise valid appeal waivers).

Appellant makes no argument that the substantive reasonableness of his sentence falls outside the scope of the appeal waiver. *See United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005) (valid appeal waivers preclude appellate review of issues "within the scope of the waiver"). Accordingly, we enforce the valid appeal waiver in Appellant's Plea Agreement and will not consider his challenge to the substantive reasonableness of his sentence.

IV.

For the foregoing reasons, the judgment of the district court is

*AFFIRMED.*

7